PER CURIAM.
Appellant Louis argues the Judge of Industrial Claims erred in failing to award him 100% of his attorney’s fee. Louis was compensably injured after the effective date of Section 10, Ch. 78-300, Laws of *1028 Florida, which amended Section 440.34(1). That section, as amended, provides that unless the claimant proves the carrier handled the claim negligently, arbitrarily or capriciously, and where the attorney’s fee is based on benefits other than medical benefits, the claimant will be awarded only 75% of the fee found reasonable for his or her attorney. Here, the Judge found the carrier was overdue in adjusting the rate of temporary total benefits, which were initially based on an incorrect wage statement, and assessed a 20% penalty. He found further that, although the carrier voluntarily accepted the medical rating of the claimant’s permanent partial disability, the delay between the date of maximum medical improvement, and the concurrent cessation of temporary total benefits, and the date the carrier began payment of partial disability benefits was great enough that claimant’s attorney was entitled to a fee based on procurement of the permanent disability benefits. Finally, the Judge was of the opinion that the carrier’s omission in ceasing to pay permanent disability benefits for one month was somehow mitigated by the claimant’s attorney’s failure to immediately notify the carrier of its error. However, even though the late benefits may have been paid sooner upon the attorney’s notification, that possibility does not erase the fact of the carrier’s negligence. Despite the Judge’s numerous findings, only 75% of the attorney’s fee was awarded to Louis on the ground that no showing was made that the carrier handled the claim negligently, capriciously or arbitrarily. This conclusion is in irreconcilable conflict with his prior findings. The omissions and oversights found by the Judge amount to negligence, at the least.
Reversed ‘End remanded for the Judge to award the attorney’s fee in accordance with his findings, and to order payment of interest on the untimely benefits according to Section 440.20(7), Florida Statutes (1977).
The order is otherwise affirmed.
ERVIN, SHIVERS and SHAW, JJ., concur.